**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD LEIGHTON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.<br><br>Defendant. | Civil Action No.:<br><br>COMPLAINT AND JURY DEMAND |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, RICHARD LEIGHTON, JR. ("Leighton" or "Plaintiff"), brings this complaint in the United States District Court for the Southern District of New York against HEARST COMMUNICATIONS, INC. ("Hearst" or "Defendant"), alleging as follows:

PARTIES

1. Plaintiff is an accomplished, sought-after commercial photographer specializing in landscape images throughout the United States. Plaintiff is an active member of Professional Photographers of America, the Kent Chamber of Commerce and is the current vice president of the International Landscape Photographers' Association (ILPA). Plaintiff resides in McAllen, Texas.
2. On information and belief, Defendant is a corporation existing under the laws of the State of Delaware, with headquarters in New York City, New York. Defendant is one of the nation's largest diversified media, information, and services companies with more than 360 businesses. Defendant publishes more than 300 print and online magazines, including *Chron* (www.chron.com).

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).
4. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).
5. This Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant is headquartered in this district, and Defendant is subject to personal jurisdiction in this district.
6. Defendant is subject to personal jurisdiction in New York.
7. This Court also has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff captured the photograph, "TwinFalls105" ("Copyrighted Photograph") on July 27, 2014, at the South Fork Snoqualmie River is located 35 miles east of Seattle, Washington. [Exhibit 1].
9. On July 18, 2012, Plaintiff posted Copyrighted Photograph to: https://leightonphotography.photoshelter.com/image/I0000RYo3giWkVyg. (Last visited January 21, 2021). [Exhibit 2].
10. Plaintiff attached the following notice, "© 2012," immediately adjacent to Copyrighted Photograph. [Exhibit 2].
11. Plaintiff attached the following notice, "LEIGHTON PHOTOGRAPHY & IMAGING," immediately adjacent to Copyrighted Photograph. [Exhibit 2].

12. On or about August 3, 2012, Defendant copied and posted Copyrighted Photograph to the Defendant's commercial website:

- www.chron.com/lifestyle/travel/article/The-best-Northwest-hikes-and-walks-3760324.php#photo-3278730

13. On or about September 30, 2015, Defendant copied and posted Copyrighted Photograph to the Defendant's commercial website:

- www.chron.com/local/article/Owner-dies-dog-survives-after-fall-at-popular-6535061.php (Last visited July 20, 2020).

14. Plaintiff registered Copyrighted Photograph with the United States Copyright Office on March 10, 2017 (Registration No.: VA 2-034-667). [Exhibit 4].

15. On January 20, 2020, Plaintiff discovered Defendant's unauthorized use of Copyrighted Photograph by using Pixsy (www.pixsy.com), a service specializing in identifying potential online infringements.

16. Defendant copied and posted Copyright Photograph without license or permission of Plaintiff.

COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

17. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

18. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

19. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photograph to the public.

20. Plaintiff is informed and believes Defendant, without the permission or consent of Plaintiff, copied and used Copyrighted Photograph on Defendant's commercial website, www.chron.com. In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

21. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

22. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendant's infringement of Copyrighted Photograph.

## COUNT II: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202

23. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying Copyrighted Photograph on Defendant's public website, www.chron.com. In doing so, Defendant violated 17 U.S.C. § 1202(a)(1) and (b)(1).

24. As a result of Defendant's actions, Plaintiff is entitled to actual or statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyright or such damages as are proper;

D. Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 504-5, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: June 10, 2022

*/s/ David C. Deal*
David C. Deal
The Law Office of David C. Deal, P.L.C.
P.O. Box 625
Charlottesville, VA 22902
Telephone: (434) 233-2727
Email: *david@daviddeal.com*

*Counsel for Plaintiff*